Filed 7/26/13  Lee-Owens v. Goodman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| MICHELLE LEE-OWENS, | |
| Plaintiff and Respondent, | E056214 |
| v. | (Super.Ct.No. CIVRS1200203) |
| ANNE LOUISE GOODMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Reversed.

Manahan, Flashman & Brandon, Amanda E. Manahan and Jeffrey S. Flashman for Defendant and Appellant.

Lewis & Ham, Yoon O. Ham and Michael R. Lewis for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

On January 10, 2012, plaintiff and respondent Michelle Lee-Owens (Owens) filed a complaint for "public disclosure of private facts, intrusion into private affairs," defamation and infliction of emotional distress against defendant and appellant Anne Goodman (Goodman).

Goodman responded with a special motion to strike, arguing that the action was a strategic lawsuit against public participation ("SLAPP") within the meaning of Code of Civil Procedure section 425.16.[1] In the accompanying memorandum of points and authorities, Goodman contended, "[a]ll relevant facts are taken from Plaintiff's complaint."

The trial court denied the anti-SLAPP motion on grounds that section 425.16, subdivision (b)(2) requires a defendant to submit declarations stating facts upon which the liability or defense is based, and Goodman did not submit any such declarations with her motion.

Goodman appeals, arguing that the anti-SLAPP statute only requires consideration of pleadings, affidavits and declarations that are submitted, and declarations are not required when the relevant facts are stated in the complaint. We agree with Goodman and reverse the trial court's decision.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

# DISCUSSION

## A.    STANDARD OF REVIEW[2]

In reviewing a decision under section 425.16, we review the trial court's decision de novo, and independently determine whether the parties have met their respective burdens. (*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1365-1366.)

## B.    THE TRIAL COURT'S DECISION

The trial court's minute order states: "Anti-SLAPP motions must be supported (and opposed) by declarations stating facts upon which the liability or defense is based. CCP section 425.16(b)(2). Thus, declarations may not be based upon 'information and belief' (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1497-98 [*Evans*]), and documents submitted without the proper foundation are not to be considered. *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1238 [*Tuchscher*]. [¶] Here, however, [Goodman] did not provide the requisite declarations to bring this motion, but instead, counsel for [Goodman] submitted a declaration reciting her billing rate for purposes of requesting an award of costs and fees if [Goodman] prevails. Therefore, the motion does not conform with the statutory scheme for anti-SLAPP actions and is Denied. Cases cited by the moving party are distinguishable."

---

[2] The order is appealable under section 904.1, subdivision (a)(13).

C.     THE ANTI-SLAPP STATUTE

"The anti-SLAPP statute was enacted in 1992 for the purpose of providing an efficient procedural mechanism to obtain an early and inexpensive dismissal of nonmeritorious claims 'arising from any act' of the defendant 'in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue. . . .' [Citation.]  To achieve this objective, the Legislature authorized the filing by a defendant of a special motion to strike those claims within 60 days after service of the complaint.  [Citation.]  An anti-SLAPP motion 'requires the court to engage in a two-step process.  First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . .  If the court finds that such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.]  The trial court's determination of each step is subject to de novo review on appeal.  [Citation.]" (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 186 (*Martinez*).)

*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57  (*Equilon*) is instructive here.  In that case, our Supreme Court decided that a defendant does not need to demonstrate that the SLAPP suit was brought with the intent to chill the defendant's exercise of constitutional speech or petition rights.  In this regard, the court stated:  "Since section 425.16 neither states nor implies an intent-to-chill proof requirement, for us judicially to impose one, as Equilon urges, would violate the foremost rule of statutory construction.  When interpreting statutes, 'we follow the Legislature's

4

intent, as exhibited by the plain meaning of the actual words of the law. . . . "This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed."' [Citation.]" (*Id*. at p. 59.)

The principle applies here because section 425.16, subdivision (b)(2) does not require Goodman to submit anything. It states: "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." The section merely requires the court to *consider* the pleadings and supporting or opposing affidavits, which *are* submitted. It does not require their submission. It is important to note that this case only concerns the "arising from" requirement. Thus, Goodman must first demonstrate that the subject cause of action is in fact one "arising from" Goodman's protected speech or petitioning activity. (§ 425.16, subd. (b).)

"As courts applying the anti-SLAPP statute have recognized, the arising from requirement is not always easily met. [Citations.] The only means specified in section 425.16 by which a moving defendant can satisfy the requirement is to demonstrate that the defendant's conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e), defining subdivision (b)'s phrase, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue.' [Citation.]" (*Equilon*, *supra*, 29 Cal.4th at p. 66.) In summarizing these requirements, *Equilon* goes on to point out that once the "arising from" requirement is met, the plaintiff has the opportunity to demonstrate that it has a probability of prevailing on the claim. (*Id*. at p. 67.)

The significance here is that our Supreme Court cites section 425.16, subdivision (b)(2) and then states, "the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.'" (*Equilon*, *supra*, 29 Cal.4th at p. 67.)

In other words, section 425.16, subdivision (b)(2) applies to *both* determinations ("liability or defense"). In deciding whether the case arises from protected activity, we see no reason why the allegations of the complaint alone cannot establish that Goodman's actions were in furtherance of her right of free speech or right to petition.

However, if this hurdle is overcome and the analysis turns to the issue of whether Owens can show a probability of success on the merits, affidavits and declarations would be necessary. The court would therefore have to consider such affidavits and declarations to make that determination. In making either decision, there is no requirement that the party submit affidavits or declarations: the trial court merely makes its decision on the basis of what has been submitted, including the pleadings.

In other words, "The Anti-SLAPP statute should be interpreted to allow the court to consider the 'pleadings' in *determining the nature of the 'cause of action'*—i.e., whether the Anti-SLAPP statute applies. But affidavits stating evidentiary facts should be required to oppose the motion (because pleadings are supposed to allege ultimate facts, not evidentiary facts)." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 7:1021.1, p. 7(II)56.)

The companion case of *City of Cotati v. Cashman* (2002) 29 Cal.4th 69 (*Cotati*) also rejects imposition of an intent to chill requirement. It emphasizes that the "arising

from" requirement means that "the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citations.]" (*Id.* at p. 78.)

It is therefore necessary to consider the allegations of the complaint to determine whether the "arising from" requirement is met. "[A] defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant. [Citation.] We conclude it is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." (*Martinez*, *supra*, 113 Cal.App.4th at p. 188.)

The trial court must therefore focus on the allegations of the complaint to make the "arising from" determination, and we see no reason why it cannot rely solely on those allegations if they are sufficient to decide the issue. (Cf. *Cotati*, *supra*, 29 Cal.4th at p. 79-80 [allegations of the complaint determinative; affidavits essentially irrelevant].)

As noted above, the trial court relied on *Evans*, *supra*, 38 Cal.App.4th at pages 1497 through 1498, and *Tuchscher*, *supra*, 106 Cal.App.4th at page 1238. The cited portions of both cases deal with the second issue presented by an anti-SLAPP motion, i.e., the probability of success on the merits.

In *Evans*, the issue was whether statements on information and belief are permissible in declarations intended to establish a probability the plaintiff would prevail in the action. (*Evans*, *supra*, 38 Cal.App.4th at p. 1493.) The court considered whether the plaintiff made a sufficient prima facie showing that he would prevail at trial. The court held that this meant that he had to show clear and convincing *evidence* of constitutional malice. (*Id*. at p. 1496.) The court further held that the plaintiff's statement on information and belief was insufficient to show the defendants knew of a hostile encounter between plaintiff and the defendant. (*Id*. at pp. 1497-1498.)

The *Evans* decision relates to the permissible content of declarations, an issue not present in this case. No relevant declarations were filed here. Nor does the case stand for the proposition that declarations *must* be filed under section 425.16, subdivision (b)(2). Nor does it suggest that declarations are required when the issue is the applicability of the initial "arising from" test, rather than the "probability of success" test.

In the cited portion of *Tuchscher*, the court was also considering the probability of success test. (*Tuchscher*, *supra*, 106 Cal.App.4th at p. 1235.) It required the presentation of admissible evidence to support the plaintiff's claim that there was a prima facie showing that it would prevail, and held that admissible evidence did not include statements on information and belief, citing *Evans*. (*Tuchscher*, at pp. 1235-1236.) Accordingly, *Tuchscher* cited *Evans* and other authority to hold that the applicable inquiry is whether the plaintiff "established with competent and admissible evidence it has a probability of prevailing on its claims. [Citations.]" (*Tuchscher*, at p. 1236.)

We therefore find that these cases do not deal with the "arising from" test and, accordingly, they do not provide authority for the proposition that declarations *must* be submitted by Goodman in support of her motion. If such declarations are not submitted, the trial court merely decides if the allegations of the complaint are in themselves sufficient to demonstrate that the "arising from" test has been met.

D.    THE COMPLAINT

The general allegations of the complaint allege that Owens and Goodman both ran for the Board of Directors of the Lemon Heights Home Owners Association. It states: "The election was extremely contentious, and was marked by Goodman's use of personal criticism of [Owens] while campaigning door-to-door throughout the community." The complaint then alleges that Goodman won the election and, while a Board member, learned "private information" about Owens and disseminated it to other persons.

The election was subsequently set aside and a new election was held. The complaint alleges that Goodman disclosed the private information, during election canvassing, to homeowners and sent letters to the homeowners that included the information. Goodman's actions were allegedly made with "the intent to harass and intimidate [Owens] such that she drops her bid for election to the HOA board, and to . . . damage her reputation so that she could not win any election in this community."

Each of the five alleged causes of action[3] incorporates and is based on the dissemination of Owens's private information during the election campaign. Thus, when we examine the complaint, it is clear that each of the alleged causes of action rests on statements made by a candidate during election campaigns. In other words, the principal thrust or gravamen of Owens's causes of action concern protected speech on public issues of concern to the community. (*Martinez*, *supra*, 113 Cal.App.4th at p. 188.)

By simply relying on the complaint itself, Goodman met her burden of demonstrating that Owens's alleged causes of action arose from actions by Goodman in furtherance of her right to free speech in election campaigning in connection with a public issue. No more was needed to prove the point, and we find no requirement in section 425.16, subdivision (b)(2), that declarations or affidavits were required or necessary to meet the "arose from" requirement.

"In short, the statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citations.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech. [Citations.] 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause

---

[3] The alleged causes of action are: (1) public disclosure of private facts; (2) intrusion into private affairs; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress and (5) defamation.

10

fits one of the categories spelled out in section 425.16, subdivision (e) . . . .' [Citations.]" (*Cotati*, *supra,* 29 Cal.4th at p. 78.)

The conduct alleged in the complaint fits within section 425.16, subdivision (e)(4) because it is "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Accordingly, the alleged conduct meets the "arising from" test.

More generally, "Our Constitution protects everyone—even politicians. [Section 425.16] was enacted to discourage the filing of . . . SLAPP suits. Here, we hold the anti-SLAPP law protects statements made by a candidate for public office and his supporters." (*Beilenson v. Superior Court* (1996) 44 Cal.App.4th 944, 946.) As a candidate for office, Goodman was entitled to the protection of section 425.16. (See, also, *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 475 [homeowners association]; *Conroy v. Spitzer* (1999) 70 Cal.App.4th 1446, 1451 [statements made during political campaigns]; and *Macias v. Hartwell* (1997) 55 Cal.App.4th 669, 672 [campaign statements in union elections].)

E.     JUDICIAL ADMISSIONS

Factual statements in pleadings are judicial admissions. "The admission of a fact in a pleading is conclusive on the pleader. The pleader cannot offer contrary evidence unless permitted to amend, and a judgment may rest in whole or in part on the admission without proof of the fact. [Citations.] The trial judge, however, has discretion to relieve a party from the effects of a judicial admission by permitting amendment of a pleading (citation), and doubtless the court can look through an admission that seeks to carry out

11

the purposes of a sham or collusive case." (4 Witkin, Cal. Procedure (5th ed. 2008) Pleadings, § 454, p. 587.) "Well pleaded allegations in the complaint are binding on the plaintiff at trial." (*Id*. at § 455, p. 587.)

"Because the pleader's judicial admission removes the fact from the issues, evidence of it is irrelevant, and the adverse party is ordinarily barred from presenting any. A defendant in a personal injury or wrongful death action sometimes attempts to avoid the emotional effect of the plaintiff's evidence of the circumstances of the accident by making a judicial admission of liability, so as to limit evidence to the narrow issue of damages. If the admission is clear and unlimited in scope, and does not deprive the plaintiff of the legitimate force and effect of material evidence, the court will make it effective by excluding evidence on the uncontested issue. [Citations.]" (4 Witkin, Cal. Procedure, *supra*, Pleadings, § 454, pp. 587.)

Thus, Goodman would not be able to file a declaration supporting or quoting the admissions in the complaint, because the allegations of the complaint establish the fact, and a declaration is not only not required, it is irrelevant. (4 Witkin, Cal. Procedure, *supra*, Pleadings, § 454, p. 587.)

Section 425.16, subdivision (a) requires the statute to be construed broadly. The trial court erred in construing section 425.16, subdivision (b)(2) narrowly by finding that the section *requires* Goodman to submit a declaration in support of her contention that the causes of action alleged in the complaint were in violation of her free speech rights in connection with a public issue.

12

F.    OTHER ISSUES

Having obtained our agreement on the "arising from" issue, Goodman seeks to go farther by arguing that Owens failed to show a reasonable probability of prevailing on the complaint.  Goodman also raises the privilege defense of Civil Code section 47.

We agree with Owens that these issues go far beyond the threshold issue decided by the trial court.  They also involve factual matters that have not been decided in the trial court or briefed in this court.  Owens cites *Navellier v. Sletten* (2002) 29 Cal.4th 82, a companion case of the *Equilon* and *Cotati* cases discussed above.

In *Navellier*, our Supreme Court found that the trial court had erred in applying the "arising from" test and denied the motion.  The trial court, and the appellate court, did not discuss whether the plaintiffs established the probability of prevailing.  The Supreme Court therefore said, "we shall remand the cause to permit the court to address that question in the first instance.  On reconsideration, therefore, the Court of Appeal should consider whether plaintiffs' fraud and contract claims have the minimal merit required to survive an anti-SLAPP motion."  (*Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 95.)

**DISPOSITION**

The trial court's order of March 26, 2012, is reversed and the case is remanded for consideration of the question of whether Owens can show a probability that she will prevail on her claim within the meaning of section 425.16, subdivision (b).  The trial court shall then decide the motion in accordance with section 425.16.  Goodman is to recover costs and attorney fees on appeal in an amount to be set by the trial court.

13

(*Evans*, *supra*, 38 Cal.App.4th at p. 1500.)  Further costs and attorney fees may be awarded under section 425.16, subdivision (c) to the party who eventually prevails.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
                                                    J.

We concur:

RAMIREZ_____
                    P. J.

McKINSTER_____
                    J.

14