Filed 1/15/14  Hidalgo v. Raheel CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SILVIO HIDALGO,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>SYED RAHEEL et al.,<br><br>　　　　Defendants and Respondents. | B240548<br><br>(Los Angeles County<br>Super. Ct. No. BC450323) |

　　　　APPEAL from orders of the Superior Court of Los Angeles County.  Mark V. Mooney, Judge.  Affirmed.

　　　　Rosen & Associates, Robert C. Rosen, John B. Wallace, and David Paul Bleistein for Plaintiff and Appellant.

　　　　Foley & Lardner, Tami S. Smason and Sonia Salinas for Defendants and Respondents.

Plaintiff and appellant Silvio Hidalgo (plaintiff) appeals from the trial court's orders granting special motions to strike, pursuant Code of Civil Procedure section 425.16,[1] all of the causes of action asserted against defendants and respondents Syed Raheel (Raheel) and Lifeforce Cryobank Sciences, Inc. (Lifeforce) (collectively defendants) in this action for fraud, conspiracy to defraud, aiding and abetting fraud, and aiding and abetting breach of fiduciary duty. Plaintiff also appeals from orders awarding defendants their respective attorney fees and costs. We affirm the trial court's orders.

## BACKGROUND

**Parties**

Plaintiff was a shareholder of Cryobanks International, Inc. (Cryobanks), a private, for-profit corporation that had approximately 150 shareholders. Raheel was a creditor of Cryobanks who foreclosed on Cryobanks's assets after Cryobanks defaulted on a loan. Lifeforce acquired all of Cryobanks's assets following Raheel's foreclosure action.

**Florida action and judgment**

Raheel sued Cryobanks in a Florida foreclosure action (the Florida action) after Cryobanks defaulted on a loan. A default judgment in the Florida action was issued against Cryobanks and in favor of Raheel. Pursuant to that judgment, Cryobanks's assets were sold to Lifeforce for $100 at a public auction.

**The instant action and Raheel's anti-SLAPP motion**

Plaintiff filed the instant action, initially alleging in his second amended complaint a single cause of action against defendants for breach of fiduciary duty. Plaintiff alleged that Raheel conspired with Cryobanks's majority shareholder, Zubair Kazi (Kazi),[2] "to effectuate a collusive foreclosure sale which transferred all of [Cryobanks's ] assets to Raheel and/or his Lifeforce entities." Plaintiff alleged that Kazi caused Cryobanks to

---

[1]     All further statutory references are to the Code of Civil Procedure, unless otherwise stated. A special motion to strike is also referred as an anti-SLAPP motion.

[2]     Plaintiff also asserted various causes of action against Kazi, including breach of contract, fraud, fraudulent inducement, misrepresentation, and breach of fiduciary duty. Kazi is not a party to this appeal.

2

default on an alleged debt owed to Raheel and to default in the subsequent foreclosure action brought by Raheel. Plaintiff further alleged that Kazi made no bid or appearance at the foreclosure sale in order to allow Lifeforce to purchase Cryobanks's assets for inadequate consideration.

On October 12, 2011, Raheel filed his anti-SLAPP motion, in which he argued that the single cause of action asserted against him arose out of his Constitutional rights of freedom of speech and petition for redress of grievances. Raheel further argued that plaintiff's claim was barred by the doctrine of res judicata and that plaintiff lacked standing to sue Raheel because his claimed loss -- the value of his investment in Cryobanks -- could be recovered only by way of a shareholder derivative action.

Pursuant to a stipulation among the parties, plaintiff thereafter filed a third amended complaint alleging additional causes of action against defendants for conspiracy to defraud, aiding and abetting breach of fiduciary duty, and aiding and abetting fraud. Raheel filed an amended notice of his anti-SLAPP motion, in which he stated that the factual allegations underlying each of the causes of action in plaintiff's third amended complaint were substantively the same as those asserted in the second amended complaint.

Plaintiff opposed the anti-SLAPP motion, arguing that section 425.16 did not shield Raheel's allegedly fraudulent acts, that Raheel's motion was procedurally defective, and that plaintiff could provide facts that would establish a reasonable probability of prevailing on his claims. He offered the following facts in support of his opposition: Kazi had "bragged about his plan to acquire [Cryobank's] assets for himself and a partner," Kazi caused Cryobanks to default on the loan made by Raheel and to default in Raheel's subsequent foreclosure action, "Raheel requested and obtained [Cryobank's] default," and "[Cryobank's] assets were acquired at an uncontested foreclosure sale for $100, at which Kazi did not bid." Plaintiff also argued in his opposition to the anti-SLAPP motion that he should be allowed to take discovery necessary to establish his prima facie case against Raheel.

3

Following a hearing at which the parties presented argument, the trial court granted Raheel's anti-SLAPP motion. The trial court granted Raheel's subsequent motion for attorney fees and costs, awarding him a total of $15,833.38.

**Lifeforce's anti-SLAPP motion**

On February 6, 2012, Lifeforce filed a demurrer to the third amended complaint and an anti-SLAPP motion, which plaintiff opposed. The anti-SLAPP motion was heard and granted on April 9, 2012. The trial court granted Lifeforce's subsequent motion for attorney fees and costs and awarded Lifeforce a total of $13,469.80.

**The instant appeal**

Plaintiff appeals from four trial court orders: (1) a January 13, 2012 order granting Raheel's anti-SLAPP motion; (2) an April 9, 2012 order granting Lifeforce's anti-SLAPP motion; (3) an April 12, 2012 order awarding attorney fees and costs to Raheel; and (4) a September 5, 2012 order awarding attorney fees and costs to Lifeforce.

DISCUSSION

**I. Section 425.16**

Section 425.16 was enacted "to provide for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. [Citation.]" (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 315 (*Club Members*).) As relevant here, subdivision (b)(1) of section 425.16 provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Determining whether section 425.16 bars a given cause of action requires a two-step analysis. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) First, the court must decide whether the party moving to strike a cause of action has made a threshold showing that the cause of action "aris[es] from any act . . . in furtherance of the [moving

4

party's] right of petition or free speech." (§ 425.16, subd. (b)(1); *Navellier, supra*, at p. 88.) "'A cause of action "arising from" [a] defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.' [Citations.] 'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. [Citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*).) The scope of the statute is broad. In authorizing the filing of a special motion to strike, the Legislature "expressly provided that section 425.16 should 'be construed broadly.' [Citation.]" (*Club Members, supra*, 45 Cal.4th at p. 315.)

If the court finds that a defendant has made the requisite threshold showing, the burden then shifts to the plaintiff to demonstrate a "probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); *Navellier, supra*, 29 Cal.4th at p. 88.) In order to demonstrate a probability of prevailing, a party opposing a special motion to strike under section 425.16 """"must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."" [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741, fn. omitted.) "'The plaintiff's showing of facts must consist of evidence that would be admissible at trial. [Citation.]'" (*Stewart v. Rolling Stone LLC* (2010) 181 Cal.App.4th 664, 679.) "[D]eclarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded. [Citation.]" (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26.)

A trial court's order granting a special motion to strike under section 425.16 is reviewed de novo. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.)

## II.  The anti-SLAPP motions were properly granted

### A.  *Arising from protected activity*

The causes of action asserted against Raheel and Lifeforce arise from Raheel's filing and prosecution of the Florida action or the enforcement of the Florida judgment and were therefore subject to a motion to strike under section 425.16. Filing a lawsuit is an exercise of a party's constitutional right of petition. (*Briggs v. Eden Council for Hope*

*& Opportunity* (1999) 19 Cal.4th 1106, 1115; *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087 (*Chavez*).) "'"[T]he constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action."'" [Citations.]" (*Briggs, supra*, at p. 1115.) Thus, "a cause of action arising from a defendant's alleged improper filing of a lawsuit may appropriately be the subject of a section 425.16 motion to strike. [Citation.]" (*Chavez, supra*, at p. 1087.) An action to enforce a judgment is also a protected activity under section 425.16. (*Rusheen, supra*, 37 Cal.4th at pp. 1063-1065.)

Each of the causes of action asserted against Raheel and Lifeforce include the allegations that Raheel "foreclosed on [Cryobank's] assets by filing a lawsuit in Florida" and that he "formed [Lifeforce], which acquired [Cryobank's] assets at a foreclosure sale for $100.00" and that he "filed a case in California to enforce a sister state judgment." All of these alleged misdeeds arise out of the filing and prosecution of the Florida action or enforcement of the judgment obtained in that action -- conduct that is protected under section 425.16. (§ 425.16, subd. (b)(1); *Rusheen, supra,* 37 Cal.App.4th at p. 1065.) Defendants accordingly met the threshold requirement of establishing that the causes of action asserted against them arise from protected activity under section 425.16.

Plaintiff argues that his allegations that Raheel colluded with Kazi to misappropriate Cryobanks's assets removed his claims from the ambit of section 425.16 because "collusion" is illegal as a matter of law and therefore unprotected by the statute. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 317 [anti-SLAPP statute "cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law"].) Plaintiff cites no authority, however, that holds that "collusion" is an unprotected activity under section 425.16 as a matter of law. His citation to case law from other jurisdictions and to federal antitrust cases applying the *Noerr-Pennington* doctrine[3] is unpersuasive.

_____

**3** The *Noerr-Pennington* doctrine provides that there is no antitrust liability under the Sherman Act for efforts to influence government that are protected by the First Amendment right to petition for redress of grievances, even if the motive underlying those efforts is anticompetitive. An exception to the doctrine arises when efforts to

A defendant whose assertedly protected activity may or may not be unlawful is entitled to invoke the anti-SLAPP statute unless the activity is unlawful as a matter of law. (*Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 711.) An activity may be deemed unlawful as a matter of law if the defendant does not dispute that the activity was unlawful, or if uncontroverted evidence shows the activity was unlawful. (*Ibid.*) Defendants here do not concede that they engaged in any unlawful activity, and there is no uncontroverted evidence that Raheel and Lifeforce colluded with Kazi to misappropriate Cryobanks's assets. There is no evidence that Raheel's foreclosure action, a protected activity, was illegal as a matter of law. Plaintiff's causes of action come within the ambit of section 425.16.

## B. Probability of prevailing

Because defendants' actions to obtain and enforce a judgment were protected activities under the anti-SLAPP statute, we must now determine whether plaintiff met his burden of demonstrating a probability of prevailing on his causes of action. To do so, plaintiff was required to present "competent and admissible evidence" showing he could establish a prima facie case at trial. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1236 (*Tuchscher*); *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1496.) He failed to do so.

### 1. No prima facie showing

In his opposition to the anti-SLAPP motion, plaintiff argued that his "allegations if proven and [his] evidence if accepted will show that Raheel was able to acquire [Cryobank's] assets for $100.00 because Kazi implemented Kazi's Plan to acquire [Cryobank's] assets and Kazi accomplished Kazi's Plan through Raheel's foreclosure." The evidence plaintiff submitted in support of this allegation included declarations by persons who stated that they personally knew Raheel to be a friend and business associate of Kazi's, and a declaration by a former Cryobanks shareholder stating that Kazi once

influence government are merely a sham; such efforts are not protected by the *Noerr-Pennington* doctrine and are subject to antitrust liability. (*Hi-Top Steel Corp. v. Lehrer* (1994) 24 Cal.App.4th 570, 574-575.)

7

"spoke to me about his plan to acquire Cryobanks's assets for himself and his partner, Raheel but Kazi was not specific about how he intended to accomplish his plan." This evidence is insufficient to establish a probability of prevailing on plaintiff's claims. Raheel's status as Kazi's friend and business associate, and a hearsay statement concerning an unspecified "plan" by Kazi to acquire Cryobanks's assets[4] is insufficient to establish that Raheel conspired with Kazi to defraud plaintiff or to misappropriate Cryobanks's assets. Plaintiff offered no evidence or facts to show that Raheel and Lifeforce conspired or colluded with Kazi for an unlawful purpose.

Plaintiff failed to meet his burden of demonstrating a probability of prevailing on his claims. The trial court did not err by granting the anti-SLAPP motions.

### 2. Res judicata

Plaintiff failed to address defendants' argument that his claims are barred under the doctrine of res judicata. "'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) "Claim preclusion applies when '(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' [Citation.] Upon satisfaction of these conditions, claim preclusion bars 'not only . . . issues that were actually litigated but also issues that could have been litigated.' [Citation.]" (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 226.)

---

[4]    Because defendants did not raise a hearsay objection to this evidence, the trial court could properly consider it in determining whether plaintiff met his burden of demonstrating a probability of success on the merits. (*Gallagher v. Connell* (2004) 123 Cal.App.4th 1260, 1266-1269.) The trial court nevertheless concluded that plaintiff had failed to present any admissible evidence to establish a probability of prevailing on his claims.

Plaintiff's action is an attempt to relitigate claims that could have been litigated in the Florida action. The third amended complaint alleges that Raheel claimed to be owed money by Cryobanks; that the Florida action was the result of a collusive secret agreement between Raheel and Kazi; and that Lifeforce acquired Cryobanks's assets at a substantial discount, to the detriment of plaintiff and other Cryobanks shareholders.

Cryobanks was a party to the Florida action. Plaintiff, as a shareholder of Cryobanks, is considered to be in privity with Cryobanks for purposes of applying the doctrine of res judicata. (See *Gagnon Co. v. Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 453.) The conditions for applying the doctrine of res judicata are met in this case.[5]

### C. *Alleged procedural defects*

Plaintiff argues that Raheel's anti-SLAPP motion was procedurally defective because it was filed before, and therefore rendered moot by, the third amended complaint. This argument ignores the amended notice of special motion to strike Raheel filed in response to the third amended complaint. That amended notice informed both plaintiff and the trial court that there was no substantive difference between the factual allegations contained in the second and third amended complaints for purposes of the anti-SLAPP motion. The filing of the third amended complaint did not render Raheel's anti-SLAPP motion moot.

Plaintiff next argues the trial court erred by considering the second amended complaint rather than the operative third amended complaint when ruling on Raheel's anti-SLAPP motion. Because the causes of action in both the second and third amended complaints are based on the same alleged conduct by Raheel and Lifeforce, the purported error, if any, was harmless.

---

[5]     Because we conclude that plaintiff failed to meet his burden of establishing a probability of prevailing on his claims and that those claims are barred under the doctrine of res judicata, we do not address defendants' argument that plaintiff lacks standing to bring a direct action for claims that can be asserted only by Cryobanks via a shareholder derivative action.

### D. *Plaintiff's discovery request*

Plaintiff contends the trial court should have permitted him to take discovery with respect to the alleged fraud before ruling on the anti-SLAPP motions. The filing of an anti-SLAPP motion stays all discovery proceedings in an action. (§ 425.16, subd. (g).) Notwithstanding the stay, a court may, upon the filing of a noticed motion and a showing of good cause, order that specified discovery may be conducted. (*Ibid.*) Plaintiff did not file a noticed motion requesting discovery, nor did he show that there was good cause for such discovery. The trial court's refusal to allow discovery was not an abuse of discretion. (*Tuchscher, supra,* 106 Cal.App.4th at p. 1248.)

### E. *Attorney fees*

Plaintiff's challenge to the orders awarding defendants their attorney fees after prevailing on their respective anti-SLAPP motions is based solely on the argument that the anti-SLAPP motions were improperly granted. Defendants are entitled to reasonable attorney fees and costs incurred in connection with their respective anti-SLAPP motions. (§ 425.16, subd. (c).) Plaintiff has failed to establish any abuse of discretion by the trial court in awarding such fees and costs. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1130.)

## DISPOSITION

The orders granting the special motions to strike and the orders awarding defendants their respective costs and attorney fees are affirmed. Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:

_____, P. J.
BOREN

_____, J.
ASHMANN-GERST

10