Filed 9/3/13  Ayala v. Gutierrez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MABEL AYALA, | B243006 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC451204) |
| v. | |
| DAVID GUTIERREZ et al. , | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph W. Dau, Judge.  Appeal treated as petition for extraordinary writ.  The petition for extraordinary writ is granted.  Order vacated and remanded with directions.

Law Offices of Jina A. Nam & Associates, Jina A. Nam for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

While several of defendants' motions were pending, plaintiff voluntarily dismissed her complaint with prejudice. Following the dismissal, the trial court ruled on defendants' motions.

Plaintiff attempts to appeal from the order granting the motions. Although the order is not appealable, we exercise our discretion to treat plaintiff's appeal as a petition for an extraordinary writ. We conclude that the trial court lacked jurisdiction to grant the motions. We therefore vacate the order and direct that the action be dismissed with prejudice.

## BACKGROUND

Plaintiff and appellant Mabel Ayala brought suit against various defendants, including David Gutierrez and Old Mission Financial, Inc. (Old Mission), in December 2010. In April 2012, Gutierrez and Old Mission filed a motion for leave to file a cross-complaint against Ayala. A week later they filed a motion to compel production of documents and a motion to compel further answers to form interrogatories. Each of these three motions was set to be heard on May 30, 2012.

On May 30, before defendants' motions were heard, Ayala filed a dismissal of the entire action with prejudice. At the hearing on the motions, Ayala's attorney informed the trial court of the voluntary dismissal. Nevertheless, the trial court entertained oral argument and took defendants' motions under submission. Later that day it issued an order granting the discovery motions and the motion for leave to file a cross-complaint. Furthermore, in connection with the discovery motions, it ordered that plaintiff pay Gutierrez and Old Mission $760.50.

## DISCUSSION

Plaintiff attempts to appeal from the order granting the discovery motions and leave to file the cross-complaint. Generally, an appeal may not be taken following a voluntary dismissal. (*Gutkin v. University of Southern California* (2002) 101

Cal.App.4th 967, 975.) Code of Civil Procedure section 904.1, subdivision (a)(2),[1] allows an appeal from an order made after an appealable judgment, but does not provide for appeal of an order made after voluntary dismissal. When extraordinary circumstances are present, however, we have discretion to treat an appeal from a nonappealable order as a petition for extraordinary writ. (*Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 698.) We exercise that discretion here in the interest of judicial economy because, if we do not do so, further trial court proceedings will occur in an action that was already dismissed in its entirety.

A plaintiff generally has the right to dismiss an entire action prior to the commencement of trial. (§ 581, subds. (b), (c).) "A request for a dismissal is usually effective upon filing, and no other action by the clerk or the court is required." (*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 876.) Neither the trial court nor the clerk may prevent entry of the dismissal. (*Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 931.) Upon the filing of a voluntary dismissal, the trial court loses jurisdiction to act in the case "except for the limited purpose of awarding costs and statutory attorney fees." (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 261.) All subsequent proceedings are void. (*Aetna Casualty*, at p. 931.)

Although section 581, subdivision (c), expressly allows voluntary dismissals to be taken "prior to the actual commencement of trial," "trial" in the context of section 581 is not limited to the traditional understanding of the term. (*Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp.* (2009) 174 Cal.App.4th 67, 76.) Instead, it can also include dispositive pretrial proceedings, such as demurrers that are sustained without leave to amend or successful motions for summary judgment. (*Ibid.; Gogri v. Jack in the Box Inc.*, *supra*, 166 Cal.App.4th at p. 267.) A voluntary dismissal is considered ineffective if it is filed after there has been "a public and formal indication by the trial court of the legal merits

---

[1] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

of the case" or "some procedural dereliction by the dismissing plaintiff that made dismissal otherwise *inevitable*." (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 200.) Thus, for example, a dismissal was found ineffective when it was taken after the trial court had already issued an adverse tentative ruling on a motion for summary judgment. (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 767.) In another case, when the defendants met their initial burden in moving for summary judgment and the plaintiff failed to file an opposition, judgment in the defendants' favor was an inevitability that the plaintiff could not avoid by filing a request for dismissal without prejudice. (*Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, 257.)

At the time of dismissal in this case, there had been no determinative statement by the trial court or dereliction on the part of Ayala that made judgment in defendants' favor inevitable. Two of defendants' discovery motions were pending when the dismissal was filed, and it appears that no opposition was filed to either motion. Although the motions requested terminating sanctions, whether terminating sanctions would be imposed was a matter of discretion for the trial court, and a decision to impose such sanctions could not be made lightly. (See *Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 297; *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279.) Unlike summary judgment proceedings, in which a plaintiff's failure to file a response to adequate moving papers results in an adverse judgment, Ayala's failure to oppose the discovery motions did not preclude any possibility of her prevailing. At the time Ayala filed her request for dismissal, there was no formal indication that her lawsuit would fail, and therefore Ayala's request for dismissal with prejudice was effective.

Ayala's filing of the request for dismissal thus prevented the trial court from ordering that Ayala pay defendants' attorney fees in connection with the discovery motions. Although under the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute (§ 425.16) a trial court may award defendants their fees even after the plaintiff's filing of a request for dismissal (see *Law Offices of Andrew L. Ellis v.*

4

*Yang*, *supra*, 178 Cal.App.4th at p. 879), we find no similar authority for a postdismissal award of fees on a routine discovery motion.[2]

In sum, once the request for dismissal was filed, the trial court was without jurisdiction to decide defendants' discovery motions or their motion for leave to file a cross-complaint. By filing the request for dismissal with prejudice, Ayala terminated the action (except for the limited decision of how much, if any, costs or statutory attorney fees are awardable).

## DISPOSITION

The appeal from the May 30, 2012, order is treated as a petition for extraordinary writ. The petition for extraordinary writ is granted and the May 30, 2012, order is vacated. The matter is remanded to the trial court with directions that the case be dismissed with prejudice. Plaintiff is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

BOREN, P.J.

We concur:

CHAVEZ, J.

FERNS, J.*

---

[2]     Defendants did not file a respondents' brief and thus did not provide any argument supporting the position that fees could properly be awarded.

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.