Filed 5/20/21  Weischadle v. Charboneau CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GLORIA WEISCHADLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ROBERT CHARBONEAU et al.,<br><br>Defendants and Respondents, | B304032<br><br>(Los Angeles County Super. Ct. No. 18VECV00264) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Harwin, Judge.  Affirmed.

Gloria Weischadle, in pro. per., for Plaintiff and Appellant.

Kaufman Dolowich Voluck, Andrew J. Waxler and John T. Lupton for Defendants and Respondents Robert Charboneau and Law Offices of Robert Charboneau.

Gloria Weischadle appeals from the order granting the motion of Robert Charboneau and the Law Offices of Robert Charboneau (the Charboneau defendants) for attorney fees and costs pursuant to Code of Civil Procedure section 425.16, subdivision (c),[1] after the court determined their special motion to strike each cause of action in Weischadle's complaint would have been successful had she not dismissed her lawsuit while the motion was pending. In her opening brief Weischadle contends attorney fees were improper because the Charboneau defendants had not prevailed on their special motion to strike when she dismissed her complaint. In her reply brief Weischadle adds other arguments, including that the special motion to strike lacked merit because her lawsuit did not involve a public issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Weischadle's Personal Injury Lawsuit*

Weischadle fell backward on an escalator at Los Angeles International Airport on September 2, 2015 and injured herself. She sued Los Angeles World Airports (LAWA) in September 2016 for personal injuries (Super. Ct. L.A. County, 2018, No. BC634298). Apart from a brief period early in the lawsuit, Weischadle represented herself in the personal injury action; the Charboneau defendants represented LAWA. The court granted LAWA's motion for nonsuit at trial after Weischadle failed to provide evidence to support her claim of dangerous condition of public property. Our Division Four colleagues affirmed the

---

[1]    Statutory references are to this code unless otherwise stated.

judgment on appeal.  (*Weischadle v. Los Angeles World Airports* (Oct. 28, 2019, B294949) [nonpub. opn.].)

2.  *Weischadle's Lawsuit Against the Charboneau Defendants*

While her appeal from the judgment in the personal injury action was pending, Weischadle filed the complaint in the case at bar for fraud, conspiracy, willful suppression of evidence and legal malpractice, among other causes of action, alleging the Charboneau defendants, while representing LAWA in the personal injury action, had purposefully withheld material evidence during discovery.[2]

3.  *The Charboneau Defendants' Special Motion To Strike*

The Charboneau defendants filed a special motion to strike Weischadle's complaint pursuant to section 425.16, alleging each cause of action arose from protected litigation activity and Weischadle could not demonstrate any of her claims had even minimal merit.  Weischadle opposed the motion, arguing the complaint, rooted in fraudulent concealment and willful suppression of evidence, did not arise from protected activity.  She also argued, in conclusory fashion, that she had demonstrated a probability of prevailing on her claims.

At the outset of the July 12, 2019 hearing on the special motion to strike, the court issued a tentative ruling stating its inclination to grant the motion.  Weischadle requested the court

---

[2]    In her appeal of the personal injury action, Weischadle similarly asserted evidence had been wrongfully withheld from her in discovery.  The Charboneau defendants responded their objections on behalf of LAWA were valid and their substantive responses were proper.  The court of appeal rejected Weischadle's arguments.

stay the matter until the appeal in the personal injury action was decided. The Charboneau defendants objected to the stay request, and the court denied it.

Weischadle told the court that, rather than arguing against the tentative at the hearing, she wished to dismiss her complaint without prejudice. The court stated it was her litigation, and thus her prerogative, to dismiss it, but warned that dismissal would not necessarily immunize her from the attorney-fee-shifting provision in section 425.16. Weischadle replied she was not a lawyer and had no choice but to dismiss to "preserve my appeal case." The court responded, "You keep talking about that, and I appreciate the appeal is very important to you, but it is a separate matter. This lawsuit is a separate matter from your appeal matter." Weischadle again requested a stay of the hearing or, alternatively, a continuance of 120 days to allow her to obtain the assistance of counsel.

The Charboneau defendants urged the court to deny Weischadle's request for a continuance and rule on the merits of their motion, asserting the appeal had no bearing on the special motion to strike. The court denied the continuance. After holding a brief recess and confirming with Weischadle that it was her intention to dismiss her complaint, the court accepted Weischadle's signed request for dismissal without prejudice and entered it the same day without ruling on the merits of the special motion to strike.

4. *The Charboneau Defendants' Motion for Costs and Attorney Fees*

The Charboneau defendants offered to forego attorney fees and costs if Weischadle would sign a release of claims, which Charboneau later explained in his declaration was intended to

4

preclude Weischadle from refiling her "frivolous" complaint. When Weischadle refused the offer, the Charboneau defendants moved for attorney fees and costs pursuant to section 425.16, subdivision (c), arguing they would have prevailed on their special motion to strike had Weischadle not dismissed her case.

Weischadle, still representing herself, opposed the motion, arguing the Charboneau defendants were not the prevailing parties because the court never ruled on the merits of the special motion to strike. Weischadle did not challenge the amount sought for attorney fees or costs.

Finding the Charboneau defendants would have prevailed on the merits of their special motion to strike had Weischadle not dismissed her complaint, the court granted the Charboneau defendants' motion in part, awarding them attorney fees of $38,550 and costs of $2,498.55.

Weischadle filed a timely notice of appeal.

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 425.16 (the anti-SLAPP statute)[3] provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

---

[3] SLAPP is an acronym for "strategic lawsuit against public participation." (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 413, fn. 2.)

In ruling on a motion under section 425.16, the trial court engages in a two-step process. (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.) "'Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged. [Citations.] If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least "minimal merit."' [Citation.] If the plaintiff fails to meet that burden, the court will strike the claim." (*Wilson*, at p. 884; accord, *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

Subject to certain exceptions not pertinent to the case at bar, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (§ 425.16, subd. (c)(1).) This fee-shifting provision is "intended to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.)

The trial court retains jurisdiction to award attorney fees pursuant to section 425.16, subdivision (c)(1), even when a plaintiff voluntarily dismisses the complaint while a special motion to strike is pending. (*Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1456-1457.) In that circumstance, to award fees the court must adjudicate the merits of the special motion to strike as if the complaint had not been dismissed and find the party seeking fees would have been the prevailing party on the motion. (*Ibid*.; see *Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 879 ["the anti-SLAPP statute . . . anticipates circumstances in which parties dismiss their cases

6

while motions to strike are pending[;] [i]n such circumstances, the trial court is given the limited jurisdiction to rule on the merits of the motion in order to decide if it should award attorney fees and costs to the defendant"]; *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 217 ["because a defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees, the trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion even if the matter has been dismissed prior to the hearing on that motion"]; *Liu v. Moore* (1999) 69 Cal.App.4th 745, 752 [same].)

When the challenge to the court's ruling is directed to the statutory entitlement to attorney fees, our review of that legal issue is de novo. (*Monster Energy Co. v. Schechter, supra,* 7 Cal.5th at p. 788; *Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 252-253.) The amount of attorney fees and costs awarded is reviewed for abuse of discretion. (*Ketchum v. Moses, supra,* 24 Cal.4th at p. 1130.)

### 2. *The Court Did Not Err in Granting the Charboneau Defendants' Motion for Attorney Fees and Costs*

In her opening brief Weischadle contends reversal is required because (1) she lost her ability to earn a living after the accident and is unable to pay the amount ordered; (2) she relies on social security benefits, which are exempt from enforcement under the federal Social Security Act; and (3) the Charboneau defendants did not prevail on a special motion to strike a complaint that had already been dismissed. None of these arguments has merit.

As to her inability to pay the amount awarded, Weischadle cites no evidence to support that statement, let alone any

7

authority that inability to pay, if it were factually supported, would justify reversal. Likewise, her alleged reliance on Social Security benefits, which may or may not be exempt in an enforcement action, is not at issue in this appeal. The question presented is whether the trial court erred in granting the Charboneau defendants' request for attorney fees. To this point Weischadle offers but a single assertion: The Charboneau defendants did not prevail on their special motion to strike because she dismissed her complaint before the court ruled on her motion. As discussed, if the court determines, as it did in connection with the attorney fee hearing in the case at bar, that the motion would have been granted but for the dismissal, attorney fees and costs are statutorily authorized pursuant to section 425.16, subdivision (c). (*Tourgeman v. Nelson & Kennard, supra*, 222 Cal.App.4th at pp. 1456-1457; *Law Offices of Andrew L. Ellis v. Yang, supra*, 178 Cal.App.4th at p. 879; *Pfeiffer Venice Properties v. Bernard, supra*, 101 Cal.App.4th at p. 217.)[4]

Although Weischadle did not contend in her opening brief that the court had erred in finding the special motion to strike meritorious, in her reply brief she argues the fee award was improper because her complaint involved a private matter, not a public issue. And, she continues, her complaint alleged illegal activity—fraud and suppression of evidence—that is not

---

[4]     Weischadle's insistence the court's tentative ruling disclosed during the initial hearing on the motion had no legal effect, while certainly a correct statement of law, is beside the point. The court explicitly found the motion meritorious when ruling on the attorney fee request, a prerequisite to ordering attorney fees under section 425.16, subdivision (c).

protected activity under section 425.16.  Because Weischadle did not raise these arguments in her opening brief, they are forfeited. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158 ["[f]airness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments"]; *Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1409-1410 ["'[a]rguments presented for the first time in appellant's reply brief are considered waived'"]; see *Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213 Cal.App.4th 1277, 1292, fn. 6.)  They are also without merit.

Weischadle's contention her lawsuit involved a private matter and not a public issue is misplaced.  When the allegations arise from statements, writings or pleadings in connection with civil litigation, there is no requirement that the litigation concern a matter of public interest.  (§ 425.16, subd. (e)(1) & (2); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123; see *Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 408-409 [the anti-SLAPP statute protects not only litigants, but their attorneys' litigation-related statements; "'[u]nder the plain language of section 425.16, subdivision (e)(1) and (2), as well as the case law interpreting those provisions, all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute'"].)

Similarly, to the extent her description of the Charboneau defendants' conduct, alleged in her complaint as "illegal and criminal," is intended to suggest section 416.25 does not apply

under *Flatley v. Mauro* (2006) 39 Cal.4th 299, 320, she is mistaken.  If the speech or protected activity is conceded or shown to be illegal as a matter of law, such speech or petition activity will not support the special motion to strike.  (*Ibid.* [if "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action"]; accord, *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 965; see *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 446 ["[w]e understand *Flatley* to stand for this proposition: when a defendant's assertedly protected activity *may or may not* be criminal activity, the defendant may invoke the anti-SLAPP statute unless the activity is criminal as a matter of law"].)  However, when, as here, the conduct is neither conceded to be illegal nor is illegal as a matter of law, the allegations of illegality relate to the second prong of the anti-SLAPP analysis, not the first.  (*Flatley,* at p. 316 [if "a factual dispute exists about the legitimacy of the defendant's conduct, it cannot be resolved within the first step but must be raised by the plaintiff in connection with the plaintiff's burden to show a probability of prevailing on the merits"]; *Seltzer,* at p. 965 [same].)  The court did not err in concluding the anti-SLAPP statute applied and that the Charboneau defendants had satisfied the first prong of the anti-SLAPP analysis.

In light of the absolute privilege afforded by Civil Code section 47 for litigation-related activities,[5] it is difficult to

---

[5]    Civil Code section 47 provides in part:  "A privileged publication or broadcast is one made:  [¶] . . . [¶]  (b)  In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other

10

conceive how Weischadle could have carried her burden on the second prong to demonstrate her action had even minimal merit. Nevertheless, we need not address this aspect of the anti-SLAPP analysis. By failing to challenge the court's implied finding that she had not shown her action had minimal merit, Weischadle has forfeited that contention on appeal. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 ["It is well settled that a trial court's judgment is presumed correct and conclusory claims of error are deemed to be without foundation and require no discussion by the reviewing court. [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

## DISPOSITION

The order granting in part the Charboneau defendants' motion for attorney fees and costs pursuant to section 425.16, subdivision (c), is affirmed. The Charboneau defendants are to recover their costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.                FEUER, J

official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows . . . ."