Filed 6/25/25  Sauseda v. Wang CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ANA SAUSEDA, | |
| Plaintiff and Appellant, | E083758 |
| v. | (Super.Ct.No. CIVSB2310343) |
| COLLEEN IONA WANG, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Reversed with directions.

Law Offices of Bradley W. Hertz and Bradley W. Hertz for Plaintiff and Appellant.

Briggs Law Corporation, Cory J. Briggs, and Janna M. Ferraro for Defendant and Respondent.

Plaintiff Ana Sauseda appeals from the trial court's order granting respondent Colleen Iona Wang's special motion to strike under Code of Civil Procedure section

1

425.16, the anti-SLAPP statute.[1]  (Unlabeled statutory references are to the Code of Civil Procedure.)  We reverse.

BACKGROUND

In May 2023, Sauseda filed a petition for writ of mandate and a complaint for injunctive relief against Wang and 195 other individuals (collectively, the respondents) under Elections Code section 11042.5.  Sauseda filed the lawsuit in her capacity as the city clerk for the city of Yucaipa, California.  She alleged that drafts of petitions to recall three city councilmembers that were submitted to her for review and approval contained false and misleading information.  Wang had signed a notice of intent to petition to recall her city councilmember.

Sauseda served some of the respondents with the pleadings and a summons, but she did not serve Wang.  Wang later received a letter from Sauseda informing her of the lawsuit.

In September 2023, Wang filed a motion to strike both the petition for writ of mandate and the complaint for injunctive relief under section 425.16.  In the notice of motion, Wang "reserve[d] the right to claim her attorney fees through a subsequent noticed motion or as part of a cost memorandum."  The notice of motion indicated that the motion would "be based on this notice; the accompanying opening brief, declarations of [Wang, her attorney, and the person who delivered the recall petitions to Sauseda], and proposed order; and any and all arguments and admissible evidence offered in support of

---

[1]    "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

or opposition to the motion; as well as the contents of the Court's files for this lawsuit." In the opening brief that Wang filed in the trial court in support of her anti-SLAPP motion, she stated in a footnote: "Per this motion's notice, Respondent will file a separate motion or cost memorandum to recover attorney fees." The proposed order attached to the anti-SLAPP motion included the following language: "[T]he special motion to strike Petitioner's Complaint is granted and Respondent shall recover her attorney fees in the amount to be determined based on a noticed motion or cost memorandum filed by Respondent, as Respondent may elect."

Several days after Wang filed her anti-SLAPP motion, Sauseda voluntarily dismissed the action against Wang and numerous other respondents. The following week, Sauseda voluntarily dismissed the entire action without prejudice, and notice of entry of judgment was entered that day. After voluntarily dismissing the action, Sauseda opposed the anti-SLAPP motion, arguing that the motion was untimely because Sauseda never served Wang with the lawsuit.

The trial court held a hearing on Wang's anti-SLAPP motion in January 2024. The hearing was not reported, so the record on appeal does not contain a reporter's transcript of the hearing. The court granted the motion and also found that Wang was entitled to attorney fees.

## DISCUSSION

We asked the parties to file supplemental briefs on whether the trial court lost jurisdiction to rule on the merits of Wang's anti-SLAPP motion because Sauseda

3

voluntarily dismissed the action while the motion was pending. Sauseda argues that the trial court did not have jurisdiction to entertain Wang's anti-SLAPP motion. We agree.

Under subdivisions (b) and (c) of section 581, "plaintiffs have the right to voluntarily dismiss an entire action, or causes of action within a pleading, before the commencement of trial. A request for a dismissal is usually effective upon filing, and no other action by the clerk or the court is required." (*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 876 (*Yang*), italics omitted.) "Upon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, 'except for the limited purpose of awarding costs and statutory attorney fees.'" (*Ibid.*)

Section 425.16 "authorizes a special motion to strike meritless claims early in the litigation." (*Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 773 (*Catlin*).) "The anti-SLAPP statute entitles a prevailing anti-SLAPP movant in most cases to recover his or her attorney fees and costs as of right. [Citations.] Procedurally, '[t]here are three ways the special motion to strike attorney fee issue can be raised. The successful defendant can: make a subsequent noticed motion as was envisioned by defendant in this case; seek an attorney fee and cost award at the same time as the special motion to strike is litigated, as is often done; or as part of a cost memorandum.'" (*Ibid.*, quoting *American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1103.)

4

We independently review whether the trial court lost jurisdiction to entertain Wang's anti-SLAPP motion after Sauseda voluntarily dismissed the action. (*Catlin*, *supra*, 73 Cal.App.5th at p. 773.)

Sauseda voluntarily dismissed the action without prejudice when Wang's anti-SLAPP motion was pending. The trial court accordingly lost jurisdiction to act in the case, with the exception of awarding statutory attorney fees and costs. (*Yang*, *supra*, 178 Cal.App.4th at p. 876.) The trial court thus retained "jurisdiction to entertain a subsequent motion for fees, not to decide the merits of the anti-SLAPP motion." (*Catlin*, *supra*, 73 Cal.App.5th at p. 774.)

Wang's argument to the contrary is unavailing. She contends that her anti-SLAPP motion contained a request for attorney fees, so the trial court did not lose jurisdiction to rule on the motion. The argument is meritless, because the motion did not contain a request for attorney fees. Wang contends that the proposed order awarding her attorney fees constitutes a request for attorney fees because the notice of motion incorporated the proposed order as a basis for the motion. The single fragment of a sentence included in the proposed order putatively granting Wang attorney fees does not amount to a request for attorney fees, given that it was unaccompanied by any such request in the anti-SLAPP motion. Moreover, elsewhere Wang's moving papers unequivocally asserted that she reserved her right to seek attorney fees and would later do so through a separate noticed motion or in a memorandum of costs.

Absent a pending attorney fee request, the trial court did not have jurisdiction "to decide the merits of the anti-SLAPP motion." (*Catlin*, *supra*, 73 Cal.App.5th at p. 774.) Moreover, the trial court could not rule on Wang's "anti-SLAPP motion for the purposes of establishing entitlement to a request for fees, as no such request had yet been made. To conclude otherwise would require the court to have issued an advisory opinion." (*Ibid.*) We accordingly conclude that the trial court did not have jurisdiction to decide the merits of Wang's anti-SLAPP motion. We consequently reverse the order granting the motion.

### DISPOSITION

The trial court's January 31, 2024, order granting Wang's anti-SLAPP motion and awarding Wang attorney fees is reversed. The trial court is directed on remand to deny the anti-SLAPP motion for lack of jurisdiction. Sauseda shall recover her costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER

Acting P. J.

CODRINGTON

J.