**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

REINTEGRATIVE THERAPY
ASSOCIATION, INC., a California
Corporation; JOSEPH NICOLOSI JR., an
individual,

        Plaintiffs-Appellees,

  v.

DAVID J. KINITZ, an individual;
TRAVIS SALWAY, an individual,

        Defendants-Appellants.

No.   22-56009

D.C. No. 3:21-cv-01297-BEN-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 6, 2023
Pasadena, California
Submission Withdrawn January 22, 2024
Resubmitted June 03, 2026

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and MENDOZA, Circuit Judges, and SCHREIER,[**] District Judge.

Appellants David J. Kinitz and Dr. Travis Salway challenge the district court's order denying as moot their special motions to strike and their requests for attorneys' fees and costs under California's anti-SLAPP statute.[1]

This case was originally argued on November 6, 2023. On January 22, 2024, we held this case in abeyance pending a final en banc decision in *Martinez v. ZoomInfo Technologies, Inc.*, No. 22-35305. After *Martinez* settled, we continued to hold this case in abeyance pending a final en banc decision in *Gopher Media, LLC v. Melone*, No. 24-2626. The en banc panel decided *Gopher Media* on October 9, 2025, after which we ordered supplemental briefing to address the effect of that opinion. With briefing completed, we may now decide the appeal before us.

We have jurisdiction under 28 U.S.C. § 1291. We review "a district court's denial of a motion to strike under California's anti-SLAPP statute" de novo. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010). We reverse

---

[**] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

[1] "SLAPP" is an acronym for "strategic lawsuit against public participation."

the district court's order and remand for a decision on the merits of Appellants' special motions to strike.

Appellee Dr. Joseph Nicolosi Jr. is the founder and president of Reintegrative Therapy Association, Inc. ("RTA"). RTA is a non-profit corporation that trains therapists to employ its trademarked brand of therapy, called Reintegrative Therapy. In 2021, Appellants published an academic article that listed "reintegrative therapy" as a possible synonym for conversion therapy. Dr. Nicolosi and RTA brought a defamation suit against Appellants, arguing that the article could be read to reference their brand of therapy, which they assert is not a form of conversion therapy. Appellants filed motions to dismiss the complaint for lack of personal jurisdiction, along with special motions to strike and requests for attorneys' fees and costs under California's anti-SLAPP statute. *See* Cal. Code Civ. Proc. § 425.16(b), (c)(1).

The district court granted Appellants' motion to dismiss for lack of personal jurisdiction, denied Appellants' anti-SLAPP motions as moot, and granted Appellees leave to amend their complaint. Before the deadline to file an amended complaint, Appellees filed a successful motion for voluntary dismissal without prejudice. Appellants filed a notice of appeal challenging only the district court's denial of their anti-SLAPP motions. They argued that before granting dismissal,

3

the district court should have ruled on the merits of their anti-SLAPP motions and ordered Appellees to pay for their attorneys' fees and costs.

California enacted the anti-SLAPP statute to address "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." *Id.* § 425.16(a). The statute authorizes a "special motion to strike" any "cause of action against a person arising from any act . . . in furtherance of the person's right of petition or free speech." *Id.* § 425.16(b)(1). The statute provides that defendants who prevail on their "special motion to strike shall be entitled to recover [their] attorney's fees and costs." *Id.* § 425.16(c)(1). Provided that a timely fees motion is filed, a ruling on the merits of a defendant's special motion to strike is a necessary predicate to a fee award under § 425.16(c)(1). *Catlin Ins. Co. v. Danko Meredith L. Firm, Inc.*, 288 Cal. Rptr. 3d 773, 777, 782 n.5 (Ct. App. 2022).

To effectuate the remedial purpose of the statute, the Supreme Court of California has held that a court that lacks "jurisdiction over a plaintiff's claims has the power to resolve an anti-SLAPP motion on jurisdictional grounds" and "the power to award attorney's fees to the defendant that prevails on such a motion." *Barry v. State Bar of Cal.*, 386 P.3d 788, 795 (Cal. 2017). In reaching this conclusion, the Court reasoned that:

> [T]o exempt a plaintiff's claims from the reach of the anti-SLAPP statute because they fail for a reason unrelated to their substantive merit would open up new avenues for harassing and retaliatory litigation; it would permit plaintiffs to bypass the protections of the anti-SLAPP statute simply by filing suit in a tribunal that has no power to entertain the claim.

*Id.* at 792. Similarly, "[u]pon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, 'except for the limited purpose of awarding costs and statutory attorney fees.'" *Catlin*, 288 Cal. Rptr. 3d at 781 (quoting *L. Offs. of Andrew L. Ellis v. Yang*, 100 Cal. Rptr. 3d 771, 876 (Ct. App. 2009)). Where the matter is an alleged anti-SLAPP suit with a "pending request for fees," the trial court retains jurisdiction to "rul[e] on the merits of an anti-SLAPP motion . . . as a predicate to an award of fees. *Id*. at 782 & n.5; *see also Moore v. Liu*, 81 Cal. Rptr. 2d 807, 811 (Ct. App. 1999) ("[A] defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs.").

We hold that Appellants were entitled to a ruling on their anti-SLAPP motions. Appellants' motions included a request to "obtain an award of fees and costs for bringing the motion." *See Am. Humane Ass'n v. L.A. Times Commc'ns*,

112 Cal. Rptr. 2d 488, 490 (Ct. App. 2001) (finding that defendants can raise a request for attorneys' fees under § 425.16(c)(1) "in conjunction with the special motion to strike"). The district court retained jurisdiction to award attorneys' fees and was required to rule on the merits of Appellants' special motions to strike. We therefore reverse the district court's order dismissing the anti-SLAPP motions as moot and remand for further proceedings consistent with this disposition.

**REVERSED and REMANDED**.