Filed 12/2/13  Kazi v. Rosen & Assocs. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ZUBAIR KAZI et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>ROSEN & ASSOCIATES, et al.,<br><br>Defendants and Respondents. | B241539<br><br>(Los Angeles County<br>Super. Ct. No. BC471055) |

APPEAL from orders of the Superior Court of Los Angeles County, Ronald M. Sohigian, Judge.  Affirmed.

Baker Marquart, Ryan G. Baker, Jaime W. Marquart and Kevin R. Boyle for Plaintiffs and Appellants.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer and Lucy H. Mekhael for Defendants and Respondents Rosen & Associates, Robert C. Rosen and John B. Wallace.

Rosen & Associates, Robert C. Rosen, John B. Wallace and David Paul Bleistein for Defendants and Respondents Penny McCoy and Chandrashekhar Joshi.

_____

*INTRODUCTION*

In the original federal action, two corporate shareholders, represented by counsel, filed a complaint against the corporation and related entities, asserting numerous causes of action, including claims for alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). (18 U.S.C. § 1961 et seq.) The district court ultimately entered judgment as a matter of law against the shareholders and in favor of the corporate entities on the RICO claims; because the RICO claims were the sole basis for federal jurisdiction (and the district court found the corporate defendants had elected not to challenge these claims for their own strategic purposes as they wished to proceed in federal court), the district court declined to exercise supplemental jurisdiction over the multiple remaining claims, and the action was transferred to state court.

With the corporate shareholders' remaining state claims still pending, the corporate entities then filed an action for malicious prosecution and abuse of process against the two corporate shareholders and their counsel, based on the RICO claims.

The corporate shareholders and their counsel, in turn, filed a special motion to strike the complaint for malicious prosecution and abuse of process pursuant to Code of Civil Procedure section 425.16. Over the corporate entities' opposition, the trial court granted the special motion to strike.

The corporate entities appeal. Because the corporate entities failed to satisfy their burden to demonstrate a probability of prevailing on their claims for malicious prosecution and abuse of process, we affirm.

*FACTUAL AND PROCEDURAL SUMMARY*

In October 2011, Zubair Kazi, Kazi Foods, Inc. and Kazi Management VI, LLC (Kazi unless otherwise noted) filed a complaint for (1) malicious prosecution and (2)

abuse of process against Penny McCoy and Chandrasekhar Joshi as well as their attorneys Rosen & Associates, P.C. (Rosen), Robert C. Rosen and John B. Wallace.[1]

According to Kazi's complaint, in October 2008, on behalf of McCoy, Rosen filed a verified complaint against Kazi in federal court, asserting causes of action including "purported RICO [claims]." The complaint was amended three times but always included the RICO claims—claims with no basis or merit. Although the litigation lasted nearly two years and trial lasted almost a month, Kazi alleged, McCoy and Rosen made no effort to pursue their RICO claims and refused to dismiss them; they never attempted to obtain evidence relating to their RICO claims and never attempted to provide such evidence at trial. Therefore, Kazi alleged, when trial concluded, the district court granted Kazi's motion for judgment as a matter of law on the RICO claims and entered a verdict against McCoy and Rosen in Kazi's favor, stating on the record that the RICO claims were baseless and without merit.

In other words, Kazi alleged, McCoy and Rosen "[lacked] probable cause to seek the RICO claims" and "possessed malice when they filed and refused to dismiss their RICO claims." "Indeed, [they] used the litigation process and RICO claims to perpetuate an injustice, obtain a collateral and/or illegal objective, harass, annoy, intimidate and/or threaten [Kazi] and to cause [him] to incur legal fees and costs and to cause [him] exceptional difficulty in defending [himself] in the federal case to coerce inequitable settlements and results . . . ."

---

[1]    We include Chandrasekhar in our references to McCoy unless otherwise indicated; we include the individual attorneys (Rosen and Wallace) in our references to Rosen unless otherwise indicated.

3

McCoy and Rosen answered and filed special motions to strike pursuant to Code of Civil Procedure section 425.16.[2] (All further statutory references are to the Code of Civil Procedure.) In their special motions to strike (discussing RICO case law and supported by declarations and documentary evidence describing attorney John Wallace's investigation and evidence obtained), McCoy and Rosen argued Kazi could not establish a probability of prevailing on their malicious prosecution claim because Kazi could not establish as a matter of law that McCoy and Rosen lacked probable cause to bring and maintain their RICO claims against Kazi and Kazi's abuse of process claim was barred by the litigation privilege of Civil Code section 47, subdivision (b) (among other grounds).[3]

Kazi filed opposition, supported by the declaration of Kazi's attorney (Alexander Gareeb), in which Gareeb asserted McCoy and Rosen failed to conduct discovery; when he sought an explanation, "the attorneys" told him they could not provide a basis and would need an expert; on June 22, 2010, the district court prohibited McCoy from presenting its designated expert (Professor G. Robert Blakey) for failure to attach his expert report; attorney Wallace acknowledged RICO claims were "tough to maintain" but the goal was to "get treble damage"; the district court "mention[ed]" the RICO claims as tenuous at best; Rosen's opening statement concerning the RICO claims was "very brief, conclusory"; Rosen did not acknowledge an agreement with Kazi's counsel to dismiss the RICO claims; Kazi was forced to file a motion for judgment as a matter of law; and at the

---

[2]    Because it is undisputed that Kazi's malicious prosecution and abuse of process causes of action satisfy the "first prong" of section 425.16 (requiring McCoy and Rosen to demonstrate that Kazi's claims are subject to section 425.16), we focus our attention on the "second prong" which requires Kazi to establish a probability of prevailing on its claims as we will further discuss.

[3]    In addition, McCoy and Rosen argued Kazi could not establish McCoy and Rosen acted with malice in filing and maintaining the RICO claims against Kazi for purposes of the malicious prosecution claim and Kazi's entire action was barred by the statutes of limitations.

September 8, 2010, hearing on that motion, Rosen tried to dismiss its RICO claims but the district court would not allow a voluntary dismissal at that point and instead granted the motion, stating in its order the claims "had no merit."

McCoy and Rosen filed objections to several paragraphs of Gareeb's declaration and filed a reply. The trial court sustained a number of these objections. In addition, the trial court took judicial notice of documents filed in federal court but did not accept findings in that case for their truth.

The trial court granted both motions to strike Kazi's complaint.

Kazi appeals.

## *DISCUSSION*

### I. Section 425.16.

Section 425.16, subdivision (b)(1), provides as follows: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

"Resolution of an anti-SLAPP motion 'requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733 (*Jarrow*), quoting *Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 67.)

A.  *The "[A]rising from" Prong.*

The "plain language of the 'arising from' prong encompasses any action based on protected speech or petitioning activity as defined in the statute." (*Jarrow, supra,* 31 Cal.4th at p. 734, citation omitted.)  "By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit." (*Id.* at p. 735, citation omitted.) Accordingly, malicious prosecution actions fall within the purview of the anti-SLAPP statute. (*Ibid.*, citations omitted.)  Similarly, claims for abuse of process in an earlier lawsuit are subject to an anti-SLAPP motion. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1063 [motion properly granted because execution levy was protected under litigation privilege]; and see Weil & Brown, Cal. Prac. Guide:  Civil Procedure Before Trial (The Rutter Group 2013) ¶ 7:642, p. 7(II)-17.)

B.  *The "[P]robability of [P]revailing" Prong*

After determining that a challenged cause of action arises from protected petitioning activity, a court ruling on an anti-SLAPP motion then "'determines whether the plaintiff has demonstrated a probability of prevailing on the claim.'" (*Jarrow, supra,* 31 Cal.4th at p. 741, citation omitted; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 93 [to withstand a special motion to strike, a plaintiff must demonstrate that the claims are legally sufficient]; *Grewal v. Jammu* (2011) 191 Cal.4th 977, 989 [same].)  Therefore, from the outset, a malicious prosecution plaintiff must be prepared to show a probability of prevailing—that is, the malicious prosecution plaintiff must demonstrate that the earlier lawsuit was filed "maliciously" and "without probable cause." (*Jarrow, supra,* 31 Cal.4th at p. 740, fn. 8.)

The plaintiff must also present competent admissible evidence sufficient to overcome any privilege or defense to the claim asserted by the defendant. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 323 [litigation privilege (Civ. Code, § 47, subd. (b))].) The plaintiff must show there is admissible evidence that, if credited, would be sufficient to sustain a favorable judgment, similar to but not identical to the burden in opposing a

summary judgment motion. (*McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 108; and see Weil & Brown, Cal. Prac. Guide: Civ. Proc. Before Trial, *supra,* ¶ 7:1021.5, pp. 7(II)-56 to 7(II)-57.)

The court does not weigh credibility or compare comparative strength of the evidence. The court considers defendant's evidence only to determine if it defeats plaintiff's showing as a matter of law. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291; *Integrated Healthcare Holdings, Inc. v. Fitzgibbons* (2006) 140 Cal.App.4th 515, 522; *Overstock.com, Inc. v. Gradient Analytics, Inc.* (2007) 151 Cal.App.4th 688, 699-700.) Declarations not based on personal knowledge, or that contain hearsay or impermissible opinions, or that are argumentative, speculative or conclusory, are insufficient to show a "probability" that a plaintiff will prevail. (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26; *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 714.) While the existence of a court order may be judicially noticed, the truth of the matters asserted in the order, including the court's factual findings, is not entitled to notice; thus, a plaintiff cannot rely on facts stated in a court order to establish a probability of prevailing. (See *Steed v. Department of Consumer Affairs* (2012) 204 Cal.App.4th 112, 121, 124.)

"In a malicious prosecution action, the legal aspect of probable cause requires a determination whether the prior claim for relief was legally tenable. (*Sheldon Appel Co. v. Albert & Oliker* [(1989)] 47 Cal.3d [863,] 885-886 [(*Sheldon Appel*)].) Consideration of this question requires that the court take account of the evolutionary potential of legal principles and any uncertainty which might be embedded there. (*Ibid.*) 'To hold that the person initiating civil proceedings is liable unless the claim proves to be valid, would throw an undesirable burden upon those who by advancing claims not heretofore recognized nevertheless aid in making the law consistent with changing conditions and changing opinions. There are many instances in which a line of authority has been modified or rejected. To subject those who challenge this authority to liability

7

for wrongful use of civil proceedings might prove a deterrent to the overturning of archaic decisions.'" (*Leonardini v. Shell Oil Co.* (1989) 216 Cal.App.3d 547, 568 (*Leonardini*).) "In order to avoid chilling the assertion of novel or debatable legal claims the California Supreme Court has adopted, with appropriate modifications, the standard for determining whether an appeal is frivolous (*In re Marriage of Flaherty* [(1982)] 31 Cal.3d [637,] 650), as the standard for determining probable cause in a malicious prosecution action. (*Sheldon Appel, supra*, 47 Cal.3d at pp. 885-886.) Under this standard a claim is not lacking in probable cause if any reasonable attorney would have thought the claim tenable." (*Leonardini*, *supra*, 216 Cal.App.3d at p. 568 citing *Sheldon Appel, supra,* 47 Cal.3d at pp. 885-886.)

A malicious prosecution plaintiff cannot establish lack of probable cause based on having obtained, as defendant in an earlier action, a defense summary judgment based on insufficiency of the evidence. "[S]uccessfully defending a lawsuit does not establish that the suit was brought without probable cause." (*Jarrow, supra,* 31 Cal.4th at p. 743.) "A litigant will lack probable cause for his actions if he relies upon facts which he has no reasonable cause to believe to be true, or seeks recovery upon a legal theory which is untenable under the facts known to him." (*Leonardini*, *supra*, 216 Cal.App.3d at p. 568.) In evaluating the issue of probable cause, "a court must properly take into account the evolutionary potential of legal principles." (*Sheldon Appel*, *supra*, 47 Cal.3d at p. 886.) Expert testimony is inadmissible; objective tenability of the prior action is a question of law to be determined by the court so it is error to admit such evidence. (*Id.* at p. 884 ["experts may not give opinions on matters which are essentially within the province of the court to decide"].)

The elements of a RICO claim are: (1) conduct (2) of an enterprise engaged in or affecting interstate commerce (3) through a pattern (4) of racketeering activity (5) that

8

causes injury to the business or property of the plaintiff.[4] (18 U.S.C. §§ 1962, 1964, subd. (c); see *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985) 473 U.S. 479, 496.) McCoy and Rosen presented extensive evidence supporting the objective tenability of the RICO claim, and the trial court's exclusion of expert testimony through the grant of Kazi's motion in limine does not establish the absence of probable cause as a matter of law. Yet, Kazi made no effort whatsoever to address the facts or legal theory underlying McCoy's RICO claims or to establish that, as an objective matter, no reasonable attorney would have thought the claims tenable. (*Sheldon, supra,* 47 Cal.3d at pp. 885-886.) For this reason alone, the trial court properly granted the motions to strike as to the malicious prosecution cause of action. If there are facts to conclusively establish a reasonable basis for suit, the existence of other disputed facts is irrelevant. (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 167.) Weaknesses in the evidence do not result in a lawsuit completely and totally devoid of merit. (*Jarrow, supra,* 31 Cal.4th at p. 742.)

In *Sheldon Appel, supra*, 47 Cal.3d 863, the Supreme Court rejected the objective/subjective approach to a probable cause determination. Probable cause is to be determined in all instances by an objective standard, that is, whether the prior action was objectively reasonable. If it was objectively reasonable then the defendant is entitled to

---

[4]    Simply stated, Kazi misperceives his own burden in establishing a probability of prevailing on his RICO claims, and it is therefore unnecessary to address the complexities of these claims (although McCoy and Rosen presented evidence in support of them). With respect to the malicious prosecution cause of action, Kazi confuses the lack of probable cause element (an objective standard) with the malice element. His reliance upon the prior action's termination in his favor, inadmissible district court statements, his claims McCoy and Rosen failed to conduct discovery (not only a mischaracterization but irrelevant to the probable cause determination, particularly in light of the status of the two plaintiff shareholders) is at odds with California Supreme Court authority. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 743, fn. 13, citations and internal quotations omitted [only those "[s]uits which *all* reasonable lawyers agree totally lack merit" present no probable cause]; *Sheldon Appel, supra,* 47 Cal.3d at p. 883 [rejecting claim of inadequate research as basis for proving the absence of probable cause because it is "fundamentally incompatible" with probable cause determination].)

judgment in the malicious prosecution action regardless of what his subjective belief or intent may have been.  (*Id*. at pp. 878-879.)  The purported evidence set forth in Gareeb's declaration is more properly characterized as potential evidence relating to the element of malice, but not to the objective standard applicable to the probable cause element.

Similarly, as to Kazi's abuse of process claim, after the trial court properly excluded statements made "on information and belief" in Gareeb's declaration, Kazi was left with no evidence whatsoever in support of the abuse of process claim.  Declarations "on information and belief" are hearsay and hence insufficient to show a "probability" that the plaintiff will prevail.  (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1497.)  Kazi's assertion that no more is required at this "pleading stage" ignores the law applicable to special motions to strike; to the contrary, only evidence admissible at trial may be considered.  (*Ibid*.)

Accordingly, the orders are properly affirmed.

### *DISPOSITION*

The orders are affirmed.  McCoy and Rosen (all respondents) are to recover their costs as well as their attorney fees pursuant to Code of Civil Procedure section 425.16, subdivision (c)(1).

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**                    **ZELON, J.**

10